UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH G. RODOJEV, | ) | 1:10CV1535 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD NUGENT |
| | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| SOUND COM CORP., | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | MEMORANDUM |
| | ) | AND ORDER |

McHARGH, MAG. J.

On June 7, 2010, the plaintiff Joseph G. Rodojev ("Rodojev") filed a verified complaint in the Cuyahoga County (Ohio) Court of Common Pleas against defendants Sound Com Corp. ("Sound Com"), Littler Mendelson, P.C. ("Littler"), and several individual Littler attorneys. The complaint alleged Breach of Separation Agreement[1], Tortious Business Interference, Defamation per se, and Professional Misconduct. (Doc. 1, DX A, complaint.)

On July 12, the action was removed to this court by the defendants, based on the court's federal question jurisdiction. (Doc. 1.) The notice of removal alleges that "the Separation Agreement is a collectively-bargained instrument," and therefore the related claims of the complaint are completely preempted under Section 301 of

---

[1] See doc. 1, DX H (exhibit, Confidential Separation Agreement).

the Labor Management Relations Act (LMRA) of 1947, 29 U.S.C. § 185. Further, the defendants claim that the complaint alleges violations of federal law, namely, 18 U.S.C. §§ 1001 and 1038. (Doc. 1, at ¶ 3.)

Rodojev has filed to motion to remand the action to state court. (Doc. 8.) The defendants have filed a memorandum in opposition (doc. 11), Rodojev has filed a reply (doc. 12), and with leave of court, the plaintiffs filed a sur-reply (doc. 19).

The court finds that the defendants' motion in opposition was timely filed. See generally doc. 12, at 1, and doc. 19, at 1-2.

## MOTION TO REMAND

In ruling on the motion to remand, the court considers whether the defendant properly removed the case to federal court. Jefferson County, Ala. v. Acker, 527 U.S. 423, 430 (1999); Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 391 (1998) (citing 28 U.S.C. § 1447 (c)); Coyne v. American Tobacco Co., 183 F.3d 488, 492 (6th Cir. 1999) (citing Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 453 (6th Cir. 1996)).

The general rule is that an action may be removed from state court to federal court only if the district court would have original jurisdiction over the claim. Jefferson County, 527 U.S. at 430 (citing 28 U.S.C. § 1441(a)). If a federal court determines that a case before it presents no basis for federal jurisdiction, the court has the duty to remand the case to state court. 28 U.S.C. § 1447(c). All doubts as to

the propriety of removal are resolved in favor of remand.  Coyne, 183 F.3d at 493; Citibank Corporate Cards v. Cummings, No. 1:07CV3538, 2008 WL 1744786, at *1 (N.D. Ohio Apr. 11, 2008).

To remove a case on the basis of the court's federal question jurisdiction, "the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." Jefferson County, 527 U.S. at 430-431 (citing Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).  The focus is on the complaint; the Supreme Court has ruled that a federal § 301 defense cannot serve as the basis for removal.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-399 (1987).

In the motion to remand, Rodojev argues that remand is appropriate for two reasons.  First, he contends that the state courts should handle this matter because "state law predominates in this Matter:  a full 60 percent of claims in this case are based on state statutes and state laws." (Doc. 8, at 2.)  Second, Rodojev claims that the separation agreement is not a collectively-bargained agreement which should be governed by Section 301.

As to the first argument, there is little question that a federal question appears on the face of the complaint.  Jefferson County, 527 U.S. at 430-431.  The first count of the complaint alleges Breach of the Confidential Separation Agreement.  ((Doc. 1, DX A, compl., at ¶¶ 15-19.)  In alleging the breach, Rodojev alleges defamation per se under Ohio law, but also violations of 18 U.S.C. §§ 1001

and 1038. Id. at ¶ 18. In the factual background, as well, Rodojev alleges that the defendants "breached the separation agreement Contract, violated Ohio Defamation per se laws, and federal laws." Id. at ¶ 12. This district court would have original jurisdiction over those claims.

LMRA SECTION 301

Section 301 of the LMRA governs claims founded directly on rights created by collective bargaining agreements, as well as claims "substantially dependent on analysis of a collective-bargaining agreement." Caterpillar, 482 U.S. at 394 (quoting International Bhd. of Elec. Workers v. Hechler, 481 U.S. 851, 859 n.3 (1987)). By its terms, § 301 governs suits in violation of a CBA between an employer and a union. Fox v. Parker Hannifin Corp., 914 F.2d 795, 799 (6th Cir. 1990). The preemptive force of § 301 is so powerful that it entirely displaces any state cause of action for violation of contracts between an employer and a union. Caterpillar, 482 U.S. at 394. Thus, where the heart of a state-law complaint is a clause in the CBA, that complaint arises under federal law, and is completely preempted. Caterpillar, 482 U.S. at 394 (quoting Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 390 U.S. 557, 558 (1968)).

Here, Rodojev's complaint does not allege the violation of a CBA, as commonly understood, between an employer and a union. Moreover, no union is a party to this suit, although Rodojev had been covered by a unionized CBA in his

former employment at Sound Com.  The defendants assert that, because Rodojev, through the Separation Agreement, agreed to release Sound Com from any claims which might arise under the CBA, and the union agreed that it would not prosecute a grievance against Sound Com, the Separation Agreement should be considered a collective-bargaining agreement.  (Doc. 11.)

The Supreme Court has held that "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract," that claim must be treated as a Section 301 claim. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985).  However, the Court noted that not every suit "asserting a right that relates in some way to a provision in a collective-bargaining agreement, or more generally to the parties to such an agreement, necessarily is pre-empted by § 301."  Id.

The Sixth Circuit has set out a two-part test for evaluating claims of preemption under Section 301:

> We first look to whether "resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement," and, alternatively, "whether the rights claimed by the plaintiff were created by the collective bargaining agreement, or instead by state law."  Mattis v. Massman, 355 F.3d 902, 906 (6th Cir. 2004).  "In short, if a state-law claim fails either of these two requirements, it is preempted by § 301."  Id.  This Court has also noted that "where a plaintiff's state-law claims cannot be directly connected to the terms of the CBA, they are not preempted," and that "merely consulting a CBA in the course of adjudicating state law claims is not enough."  Valinski v. Edison, 197 Fed.Appx. 403, 409 (6th Cir. 2006).

Klepsky v. United Parcel Serv., Inc., 489 F.3d 264, 269-270 (6th Cir. 2007).

The question remains whether the Separation Agreement should be considered a collective bargaining agreement.  "Collective bargaining has been defined as bargaining by an organization or group of workmen on behalf of its members with the employer, as well as the settlement of disputes by negotiation between an employer and the representative of his employees." Thomas v. LTV Corp., 39 F.3d 611, 618 (5th Cir. 1994).  Section 301 is not strictly limited to collectively bargaining agreements, but covers "contracts," such as strike settlement agreements, as well as CBAs.  Retail Clerks Int'l Ass'n v. Lion Dry Goods, Inc., 369 U.S. 17, 27-28 (1962).

In Thomas, for example,

> . . . the court found that an individual Attendance Probation Agreement (APA) would be treated as a collective bargaining agreement for purposes of determining whether actions for breach of the APA were preempted by § 301. To make this determination, the court in Thomas relied on:  (1) the fact that the APA "limited or conditioned" the terms of the plaintiff's employment, and (2) the presence of the union on plaintiff's behalf during negotiations regarding the plaintiff's continued employment.

Frantz v. Swift-Eckrich, Inc., No. 3:94CV7294, 1995 WL 433324, at *3 (N.D. Ohio May 10, 1995) (discussing Thomas).  In other words, Thomas involved a bargained agreement regarding the employee's terms and conditions of continued employment.

Similarly, in Stallcop v. Kaiser Fdn. Hospitals, the plaintiff sued for wrongful discharge, allegedly not under the CBA, but in "violation of the oral agreement in connection with her reinstatement." Stallcop v. Kaiser Fdn. Hosp., 820 F.2d 1044, 1048 (9th Cir. 1987).  The court noted that Stallcop was in fact subject to a

6

collective bargaining agreement, and this impacted her terms and conditions of employment: "any independent agreement of employment could be effective only as part of the collective bargaining agreement." Id.

In Klepsky, the complaint requested "reinstatement." The Sixth Circuit found that "this single request is enough to support preemption here, as it would require interpretation of the terms of the CBA, and implicates a right created under the CBA." Klepsky, 489 F.3d at 270. Again, the employee's terms and conditions of continued employment were at issue.

In Branson v. Greyhound Lines, Inc., Amalg. Council Ret. & Disability Plan, the employer argued for Section 301 preemption over a breach of contract claim involving an "alleged individual seniority agreement." Branson v. Greyhound Lines, Inc., Amalg. Council Ret. & Disability Plan, 126 F.3d 747, 754-755 (5th Cir. 1997). The court noted that many of the cases cited in support concerned "individual agreements made in the context of currently binding collective bargaining agreements." Id. at 754. The employee was not covered by a CBA, which had lapsed.

It is not clear from the precedent provided by defendants whether the Separation Agreement, which governs the termination of Rodojev's employment, rather than the terms and conditions of his continued employment or reinstatement, should be considered a collective bargaining agreement, subject to Section 301 preemption. From a review of its terms, it would appear that the

Separation Agreement would be unnecessary if Rodojev's employment simply had been terminated under the existing terms of the CBA which had governed his previous employment.  See, e.g., doc. 1, DX H (Confidential Separation Agreement, at 1, referencing "consideration . . . in addition to that which the Company is required to provide Rodejev [sic] under the circumstances . . .," and, at § 11 (release is total and complete agreement, which shall be construed under Ohio law).)  Thus, it is far from clear that his claim would be "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract."  Allis-Chalmers, 471 U.S. at 220.  The provision that the agreement "shall be construed under Ohio law" would seem to indicate that the contracting parties believed that the release would fall outside the scope of federal labor law.  (Doc. 1, DX H (Separation Agreement), at § 11.)

In the end, however, any determination concerning Section 301 is not dispositive of the motion to remand before the court.  The court finds that a federal question appears on the face of the complaint.  The first count of the complaint alleges violations of federal law, specifically violations of 18 U.S.C. §§ 1001 and 1038.  (Doc. 1, DX A, compl., at ¶¶ 12, 18.)  This district court would have original jurisdiction over those claims.  Thus, the motion to remand (doc. 8) is DENIED.

IT IS SO ORDERED.

Dated:   Dec. 7, 2010              /s/ Kenneth S. McHargh
                                             Kenneth S. McHargh
                                             United States Magistrate Judge