UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH G. RODOJEV, | ) | 1:10CV1535 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD NUGENT |
| | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| SOUND COM CORP., | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. J.

On June 7, 2010, the plaintiff Joseph G. Rodojev ("Rodojev") filed a verified complaint in the Cuyahoga County (Ohio) Court of Common Pleas against defendants SoundCom Corp. ("SoundCom"), Littler Mendelson, P.C. ("Littler), and several individual Littler attorneys.  The complaint alleged Breach of Separation Agreement[1], Tortious Business Interference, Defamation per se, and Professional Misconduct.  (Doc. 1, DX A, complaint.)  The action was removed to this court by the defendants, based on the court's federal question jurisdiction.  (Doc. 1.)

The defendants have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  (Doc. 6.)  Rodojev has filed a memorandum in opposition (doc. 10), and the defendants have filed a reply brief (doc. 15).

---

[1] See doc. 1, DX H (exhibit, Confidential Separation Agreement).

Most of the allegations of the complaint arise out of the parties' involvement in a previous case in this court, SoundCom Corp. v. Connolly, No. 1:09CV1656 (N.D. Ohio, filed July 17, 2009).

## I. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Until fairly recently, the standard for a motion to dismiss for failure to state a claim upon which relief can be granted was that the motion establish, beyond a reasonable doubt, that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Wright v. Metrohealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied, 516 U.S. 1158 (1996). However, in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), the Supreme Court modified the standard, in particular the "no set of facts" phrase.

The Court's ruling in Twombly abrogated Conley, and moved away from the pure notice pleading standards that had previously been a hallmark of the Civil Rules. The Twombly Court asserted:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Twombly, 550 U.S. at 555 (citations omitted). See also Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009); Association of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). The Court protested that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Compare 5 Wright & Miller, Federal Practice and Procedure, § 1216 (2004) ("Conspicuously absent from Federal Rule 8(a)(2) is the requirement found in the [earlier] codes that the pleader set forth the 'facts' constituting a 'cause of action'.") Justice Stevens, in dissent, characterized the decision as a "dramatic departure from settled procedural law." Twombly, 550 U.S. at 573 (Stevens, J, dissenting).

In Ashcroft v. Iqbal, the Court clarified that the new Twombly standard is not intended to be limited to complicated litigation, such as the antitrust conspiracy case in Twombly. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The Court asserted that the new pleading standards governing Rule 8(a) do not require "detailed factual allegations," however they do require "factual enhancement." Iqbal, 129 S.Ct. at 1949. Only "a complaint that states a plausible claim for relief" will survive a motion to dismiss. Id. at 1950.

> The Court summarized its new "plausibility" standard as follows:
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted

3

> unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. 554). See, e.g., Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008) (plausibility standard). In other words, when resolving a motion to dismiss, the court is now required to locate the allegations of the complaint on a possibility – plausibility – probability continuum. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

The Supreme Court stated that "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Twombly, 550 U.S. at 563 n.8. The function of the court in ruling on such a motion is not to weigh the evidence, nor to appraise the credibility of witnesses. Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). Rather, the court is simply to determine "whether a complaint states a plausible claim for relief." Iqbal, 129 S.Ct. at 1950.

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint. Miller, 50 F.3d at 377; State ex rel. Hanson v. Guernsey County Bd. of Comm'rs, 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 381 (1992). The court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of this motion, accept all

4

factual allegations as true. Central States Pension Fund v. Mahoning Nat'l Bank, 112 F.3d 252, 255 (6th Cir. 1997). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555).

Rodojev attached a number of pertinent exhibits to his complaint. See generally doc. 1, DX A, complaint. In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the court considers the complaint, along with any exhibits attached to the complaint. Bassett v. NCAA, 528 F.3d 426, 430 (6th Cir. 2008); Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

## II. DEFAMATION

The fourth count of the complaint alleges defamation per se against all defendants. (Doc. 1, DX A, compl., at ¶¶ 30-33.) The complaint also asserts that the alleged defamation violates 18 U.S.C. §§ 1038(a)(1) and 1001(a)(1)-(3), as well as Ohio Rev. Code § 2913.49(A)-(E). Id. at ¶ 33.

The court first notes that the state statute concerns "identity theft," which is outside the allegations of the complaint. See generally Ohio Rev. Code § 2913.49. There is no allegation that any of the defendants used any of Rodojev's personal information for identity fraud.

A. Defamation under Ohio law

The defendants contend that the complaint fails to state a claim for defamation under Ohio law. (Doc. 6, at 8-13.) To state a claim for defamation, the complaint must allege that "1) the defendant made a false statement about the plaintiff; 2) the statement was defamatory; 3) the statement was published; 4) the plaintiff was injured as a result of that statement; and 5) the defendant acted with the requisite degree of fault." Macklin v. Turner, No. 1:03CV2347, 2005 WL 2211170, at *8 (N.D. Ohio Sept. 9, 2005). Any act by which the defamatory statement is communicated to a third party constitutes publication, and fault for publication can be either intentional or negligent. Id.

The Supreme Court of Ohio has held that there is an absolute privilege against defamation for statements made in a judicial proceeding, which applies to each step of the proceeding from beginning to end, and extends to all statements which "bear some reasonable relation to the proceeding." Ventura v. Cincinnati Enquirer, 246 F.Supp.2d 876, 882 (S.D. Ohio 2003), aff'd, 396 F.3d 784 (6th Cir. 2005) (citing M.J. DiCorpo, Inc. v. Sweeney, 69 Ohio St.3d 497, 506, 634 N.E.2d 203, 209-210 (1994)); Hecht v. Levin, 66 Ohio St.3d 458, 460, 613 N.E.2d 585, 587 (1993). For example, Ohio courts have extended the absolute privilege against civil liability to "an individual who had contacted the police about a suspected crime against him and who had cooperated with the police in gathering evidence against the accused." Ventura, 246 F.Supp.2d at 882 (citing Haller v. Borror, No.

6

95APE01-16, 1995 WL 479424, at *3 (Ohio Ct. App. Aug. 8, 1995)). See generally Reasbeck v. Wheeling Pittsburgh Steel Corp., 230 F.3d 1359, 2000 WL 1434582, at *4 (6th Cir. 2000) (TABLE, text in WESTLAW).

The alleged defamatory statements were published in the complaint filed in SoundCom Corp. v. Connolly, No. 1:09CV1656 (N.D. Ohio July 17, 2009). (Doc. 1, DX A, compl., at ¶¶ 1,2, 31.) The complaint alleged that defendant Connolly had misappropriated trade secrets from his former employer SoundCom, and had used that information to assist him in setting up a competing company. Rodojev was not named as a defendant in that case, but alleged that "Connolly took steps to formally create his new company, NRG, with the assistance of another former SoundCom employee, Joseph Rodojev." (SoundCom complaint, at ¶ 1.) The SoundCom complaint also alleges that:

> 48. After Connolly filed NRG's Articles of Organization, NRG, Connolly, and Rodojev have all solicited business from multiple SoundCom customers.
>
> 49. Connolly disclosed, or inevitably will disclose, SoundCom's trade secret information to NRG and Rodojev, as well as others.

(SoundCom complaint, at ¶¶ 48-49.) Rodojev also alleges that his name appeared in the plaintiff's Request for Production of Documents. (Doc. 1, DX A, compl., at ¶ 1.)

Rodojev also notes that his name appears in a "cease-and-desist" letter which the defendants sent to Connolly's company, NRG, concerning the alleged use of SoundCom's trade secrets. (Doc. 1, DX A, compl., at ¶ 3, and exh. C.)

7

Finally, Rodojev states that his name appears in a Berea Police Investigative Report, to wit: "Connolly is connected to a former SoundCom employee (Joe Rodojev) who has been contacting some of SoundCom's education and health care clients and offering to service SoundCom's equipment." (Doc. 1, DX A, compl., at ¶ 2, and exh. E, Berea Police Investigative Report, dated July 23, 2009.)

Whether the alleged statements concerning Rodojev are defamatory per se is questionable, but in any event the court finds that these statements are absolutely privileged as statements made in connection with a judicial proceeding which bear some reasonable relation to the proceeding. Ventura, 246 F.Supp.2d at 881-882; M.J. DiCorpo, 69 Ohio St.3d at 506, 634 N.E.2d at 209-210; Hecht, 66 Ohio St.3d at 460, 613 N.E.2d at 587.

### B. Federal statutes

Rodojev also alleges that the defendants violated 18 U.S.C. §§ 1038(a)(1) and 1001(a)(1)-(3). (Doc. 1, DX A, compl., at ¶ 33.) The defendants point out that 18 U.S.C. § 1001 does not provide for a private right of action. (Doc. 6, at 22, citing Anderson v. Wiggins, 460 F.Supp.2d 1, 8 (D.D.C. 2006).

In addition, the defendants note that 18 U.S.C. § 1038 is a criminal statute designed to prosecute criminal hoaxes and terrorist threats. (Doc. 6, at 23.) See, e.g., United States v. Brahm, 520 F.Supp.2d 619, 626 (D. N.J. 2007) (Sect. 1038 designed to prevent & punish phony bomb threats and other such hoaxes). The

8

allegations of the complaint do not state a plausible claim for relief under Section 1038.

For the reasons outlined above, the fourth count of the complaint should be dismissed for failure to state a claim.

## II. BREACH OF CONTRACT

The first count of the complaint alleges a breach of contract, namely, the Confidential Separation Agreement. (Doc. 1, DX A, compl., at ¶¶ 15-19; doc. 1, DX H (exhibit, Confidential Separation Agreement). The complaint alleges that the Separation Agreement prohibits SoundCom and its employees from defaming or disparaging Rodojev, or communicating with another person in a manner tending to damage Rodojev's reputation. (Doc. 1, DX A, compl., at ¶ 16.)

Rodojev alleges that SoundCom accused him, in writing, of "being a thief in a criminal act," thus committing defamation per se. Id. at ¶¶ 17-18. The allegations of the complaint do not support this interpretation of the facts. The allegations of the complaint cannot plausibly be read to find that SoundCom accused Rodojev of being a thief.

Rodojev asserts that SoundCom's complaint in the Connolly action alleges that Connolly created a new company, NRG, with the assistance of Rodojev. (SoundCom complaint, at ¶ 1.) It is further alleged that Rodojev attempted to solicit business from SoundCom customers. Id. at ¶ 48. Further, "Connolly

disclosed, or inevitably will disclose, SoundCom's trade secret information" to Rodojev. Id. at ¶ 49.  None of this constitutes the crime of theft, as to Rodojev.  See generally Ohio Rev. Code § 2913.02(A).  The complaint in SoundCom Corp. v. Connolly alleges civil causes of action, not criminal accusations.  Although the allegations are that Rodojev may have acted with Connolly and NRG, there is no allegation of wrongdoing specifically against Rodojev.

The statements made in connection with the SoundCom Corp. v. Connolly case cannot plausibly be read to "defame, disparage, discredit, or deprecate Rodojev."  Thus, the allegations of the complaint do not state a plausible claim for relief for breach of contract.

### III.  TORTIOUS INTERFERENCE WITH CONTRACT

The second count of the complaint alleges "tortious interference with business agreement contract."  (Doc. 1, DX A, compl., at ¶¶ 20-24.)  Rodojev alleges that, in June 2009, NRG offered him a "proposition of employment." Id. at ¶ 21.  He alleges that the "cease-and-desist" letter which the defendants sent to Connolly's company, NRG, incorrectly stated that Rodojev was an employee of NRG, but an agreement between Rodojev and NRG "had not been finalized, thus Rodojev was not employed by NRG." Id.  However, the letter "caused NRG to withdraw their proposition for being a partner," which damaged Rodojev to the potential of $4,000 per month. Id. at ¶ 22.

To recover for a claim of intentional interference with a contract under Ohio law, "one must prove (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." Kenty v. Transamerica Premium Ins. Co., 72 Ohio St.3d 415, 650 N.E.2d 863, 864 (1995) (syllabus).

The defendants argue that, because Rodojev admits that no contract existed between him and NRG, he cannot state a claim for tortious interference with contract. (Doc. 6, at 18-19, citing 715 Spencer Corp. v. City Env. Serv., Inc., 80 F.Supp.2d 755, 763 (N.D. Ohio 1999).)

Additionally, the defendants note that Rodojev has not alleged that the letter was sent with the intent to procure the breach of the (prospective) employment contract. (Doc. 6, at 20.)

Defendants also note that Rodojev cannot allege that the defendants lacked justification to interfere with his relationship with NRG. (Doc. 6, at 19.) Under Ohio law, "one is privileged to purposely cause another not to perform a contract with a third person where he in good faith is asserting a legally protected interest of his own, which he believes will be impaired or destroyed by the performance of the contract." Wright, 58 F.3d at 1139. The defendants assert that they had a good faith belief that a legally protected interest would be impaired if NRG misappropriated their trade secrets, therefore they had justification to send the cease-and-desist letter. (Doc. 6, at 20.)  Furthermore, the communication was

11

privileged as statements made in connection with a judicial proceeding which bear some reasonable relation to the proceeding.  Ventura, 246 F.Supp.2d at 881-882; M.J. DiCorpo, 69 Ohio St.3d at 506, 634 N.E.2d at 209-210; Hecht, 66 Ohio St.3d at 460, 613 N.E.2d at 587.

For the reasons outlined above, the second count of the complaint should be dismissed for failure to state a claim.

## IV.  TORTIOUS BUSINESS INTERFERENCE

The third count of the complaint alleges "tortious business interference." (Doc. 1, DX A, compl., at ¶¶ 25-29.)  The allegations for this count are essentially identical to those for count two, alleging "tortious interference with business agreement contract."  Compare doc. 1, DX A, compl., at ¶¶ 21-22, with ¶¶ 26-27.

The elements of tortious interference with a business relationship are:

> (1) a business relationship; (2) the wrongdoer's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom.

Wolf v. McCullough-Hyde Mem. Hosp., 67 Ohio App.3d 349, 355, 586 N.E.2d 1204, 1208 (Ohio Ct. App. 1990).

However, defendants raise the same issue of a privileged interference which they asserted regarding the second count.  (Doc. 6, at 20-21.)  The basic principle of a "tortious interference" action is that the party who interferes does so without privilege to do so.  Wolf, 67 Ohio App.3d at 355, 586 N.E.2d at 1208-1209.  See also

Fitness Experience, Inc. v. TFC Fitness Equipment, Inc., 355 F.Supp.2d 877, 893 (N.D. Ohio 2004).

As with the related cause of action (above), Ohio recognizes a privilege to assert a bona fide claim.  Juhasz v. Quik Shops, Inc., 55 Ohio App.2d 51, 57-58, 379 N.E.2d 235, 239 (Ohio Ct. App. 1978); see also Wright, 58 F.3d at 1139.  The defendants assert that they had a good faith belief that a legally protected interest would be impaired if NRG misappropriated their trade secrets, therefore they had justification to send the cease-and-desist letter.  (Doc. 6, at 20.)

For the reasons outlined above, the third count of the complaint should be dismissed for failure to state a claim.

## V.  PROFESSIONAL MISCONDUCT

The fifth count of the complaint alleges "professional misconduct." (Doc. 1, DX A, compl., at ¶¶ 34-37.)  Rodojev alleges that Littler and the defendant attorneys were aware that he was not a defendant in the SoundCom Corp. v. Connolly case, yet they "violated Rodojev's civil rights in willful, wanton, malicious and wrongful use of his name in the case by accusing Rodojev being a thief involved in a criminal action."  Id. at ¶ 35.  The complaint accuses Littler and the defendant attorneys of violations of Rules 4.4(a) and 8.4(c) of the Ohio Rules of Professional Conduct.  Id. at ¶ 37.

The defendants assert, correctly, that Ohio does not recognize a tort of professional misconduct. (Doc. 6, at 21-22.) See, e.g., Kafele v. Frank & Wooldridge Co., No. 03-4205, 2004 WL 1859348, at *2 (6th Cir. Aug. 17, 2004) (Ohio Code of Professional Conduct does not create private cause of action); Fred Siegel Co., L.P.A. v. Arter & Hadden, 85 Ohio St.3d 171, 178, 707 N.E.2d 853, 859-860 (1999); Kutnick v. Fischer, No. 81851, 2004 WL 2251799, at *3 (Ohio Ct. App. Oct. 7, 2004) (violation of disciplinary rule does not create private cause of action). Moreover, jurisdiction to rule on alleged disciplinary violations lies exclusively with the Ohio Supreme Court. Fred Siegel Co., 85 Ohio St.3d at 178, 707 N.E.2d at 860; Fitzwater v. Woodruff, No. CA2006-01-001, 2006 WL 3833972, at *3 (Ohio Ct. App. Dec. 28, 2006).

The fifth count of the complaint should be dismissed for failure to state a claim upon which relief can be granted.

## VI. SUMMARY

The complaint should be dismissed for failure to state a claim upon which relief can be granted.

RECOMMENDATION

The motion to dismiss (doc. 6) should be GRANTED.


Dated:   Dec. 30, 2010              /s/ Kenneth S. McHargh
                                    Kenneth S. McHargh
                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).